**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carolyn Hart, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>U.S. Bank NA,<br><br>       Defendant. | No. CV 12-2471-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion for class certification. Two additional motions are pending relating to the briefing on the motion for class certification.

**A.     Stipulation to Seal**

The parties have stipulated to file certain documents, which support the motion to certify a class, under seal (Doc. 32). The motion to certify itself is not sealed. The motion references the sealed documents, but does not quote from them. Based on the Court's review of the motion to certify, it would appear that the documents the parties wish to seal could be filed unsealed, but redacted. Accordingly, the Court will deny the stipulation.

By way of example, in the motion to certify at page 4, line 6, it references the Renn deposition at page 21. However, the motion does not reference that deposition for a purpose that the parties claim requires sealing. *See* Doc. 32 at 2. Therefore, the Court believes that page 21 of the Renn deposition can be filed in support the motion to certify, with the allegedly proprietary information referenced in the stipulation to seal (Doc. 32 at 2) redacted.

1   While the Court appreciates the parties' efforts to seal only particular pages, the Court is
2   hesitant to seal any of the evidence that would be relevant to potential class members'
3   understanding of why class certification was granted or denied.  *See generally Foltz v. State*
4   *Farm*, 331 F.3d 1122, 1135 (9th Cir. 2003) ("In this circuit, we start with a strong
5   presumption in favor of access to court records.").

6   Further, and more importantly, the Court cannot ascertain what on page 21 of the
7   Renn deposition is within the propriety information referenced in the stipulation to seal.
8   Thus, if the parties re-file the stipulation to seal, they shall reference each line of page 21 that
9   requires sealing, and specifically why that line requires sealing.  *See TriQuint*
10  *Seminconductor, Inc. v. Avago Tech. Limited*, 2011 W.L. 4947343, *8 (D. Ariz. Oct. 18,
11  2011) (requiring the parties to identify the page and line number to be sealed and to show
12  how each fact referenced in each line falls within the parties' claimed basis for sealing); *see*
13  *also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1183-84 (9th Cir. 2006).[1]

### B.    Motion for Leave to File a Sur-Reply

15  With her Reply in support of her motion for class certification, Plaintiff attached
16  additional evidence.  Defendant then filed a motion to strike this additional evidence, or in
17  the alternative for leave to file a sur-reply.  Plaintiff opposes Defendant's motion on the
18  grounds that: (1) Defendant knew of this evidence before the motion; and (2) allowing
19  further briefing will delay the Court's resolution of the motion.

20  Generally, the Civil Local Rules do not envision that a party will attach evidence to

---

[1] For example, the Court in *Kamakana* held,
> Although the United States identifies the redactions it seeks by page number and line number, it does not provide similarly specific compelling reasons to justify these redactions. Instead, the United States purports to justify each redaction by listing one of four general categories of privilege (privacy, law enforcement, confidential source, and ongoing investigation). Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden.

447 F.3d at 1183-84.

- 2 -

1  a reply. *See* L.R.Civ. 7.2(m)(2). Also, generally, the Civil Local Rules do not permit a party
2  to file a sur-reply. *See* L.R.Civ. 7.2(b)-(d).

3      In this case, if the Court denies the motion to strike, the alternative motion for leave
4  to file a sur-reply, and grants class certification, Defendant will likely seek reconsideration.
5  Conversely, if the Court denies class certification without considering the additional evidence
6  Plaintiff seeks to submit; Plaintiff will likely seek reconsideration. Either scenario is
7  inefficient for the Court and the parties.

8      Consistent with the Local Rules, the Court will not permit evidence to be submitted
9  with a Reply; thus, the suggested need for a sur-reply is moot. However, the Court is not
10 going to bar Plaintiff from presenting all evidence she believes supports her motion for class
11 certification with the motion itself. As a result,

12     **IT IS ORDERED** that the motion for class certification (Doc. 30) is denied without
13 prejudice. Plaintiff may re-file her motion for class certification, attaching all relevant
14 evidence, by July 8, 2013.

15     **IT IS FURTHER ORDERED** that the motion to strike or file a sur-reply (Doc. 37)
16 is denied as moot.

17     **IT IS FURTHER ORDERED** that the stipulation to file documents under seal (Doc.
18 32) is denied. The Clerk of the Court shall leave the documents at Doc. 33 under seal and
19 lodged. Before Plaintiff re-files the motion for class certification, the parties shall confer and
20 determine whether the relevant confidentiality designations can be removed. If not, the party
21 who designated the document as confidential is required to make the line-by-line showing
22 of why such material should be sealed in any future stipulation to seal.

23     DATED this 7th day of June, 2013.

James A. Teilborg
Senior United States District Judge